Chief Justice Robertson
delivered the Opinion of the Court.
Bloomer having sued Craig and Burgess in replevin for a" horse, the Circuit Court, upon their motion, on the calling of the cause, considering the replevin bond insufficient, quashed it, and dismissed the suit: to reverse which judgment, this appeal is prosecuted..
The bond was certainly insufficient. But that fact, if it had been good cause of abatement, should, in order to have been entitled even to that effect, have been pleaded in apt form, and within proper time. The utmost power which, in our opinion, the Circuit Court had over the case; in consequence of the objection made to the bond, was to require either the execution of a sufficient bond, or a restitution of the horse. Even when a non-resident plaintiff shall have failed to give the bond for costs prescribed by statute as a pre-requisite to the institution of his suit, the Court cannot, upon motion, dismiss his suit, if he be willing then to execute a sufficient bond. But, in an action of replevin, the only object of the replevin bond being to secure a return of the property replevied, a quashal of the bond should only entitle the party sued to an order for restitution. And if the plaintiff had thereupon given a good bond, there could have been no ground for either ordering restitution or dismissing his suit. This we should not have doubted upon common law principles, without the aid of any statutory authority. Not only, however, does the statute regulating proceedings in replevin give no express authority to dismiss an action of replevin for want of a sufficient bond, but, had it done so, we should be of the opinion that the Court might and should, in analogy to the prescribed practise in Appeals and Traverses from Justices Courts to the Circuit Courts, and the establish *311 ed practise in suits by non-residents, have permitted the execution of a proper bond when, without plea, an objection was made to the bond which had been given.
We are, therefore, of the opinion that the Circuit Court erred in dismissing this action on motion, without giving leave to file an unexceptionable bond.
Wherefore, the judgment of dismission is reversed, and the cause remanded.